**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BRANDON MADER,
Plaintiff,
v.

SMITH & NEPHEW, INC.

Defendant.

**NOTICE OF REMOVAL**

Case No. __________

Defendant, Smith & Nephew, Inc. ("Defendant") hereby removes this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs. In support of this Notice, Defendant states as follows:

1. Plaintiff Brandon Mader ("Plaintiff"), filed the above-entitled product liability action in the State Court of Gwinnett County, Georgia on May 19, 2022. Defendant was served on November 1, 2023. Accordingly, this Notice of Removal is timely filed within thirty days of Defendant's first receipt of the Complaint pursuant to 28 U.S.C. § 1446(b).

2. The United States District Court for the Northern District of Georgia has original jurisdiction under 28 U.S.C. § 1332(a), and the action may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

3. Plaintiff is a citizen of Georgia. (*See* Compl. ¶ 3.)

4. Defendant is a Delaware corporation with its principal place of business located in Memphis, Tennessee. (*See* Compl. ¶ 4.)

5. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, complete diversity of citizenship existed between the parties at the time of filing.

6. On information and belief, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. Regarding the amount in controversy, where, as here, a plaintiff's complaint alleges "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). The amount in controversy requirement is met where it is "facially apparent" from the complaint itself that the amount in controversy exceeds the jurisdictional minimum. *See, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744,

754 (11th Cir. 2010). Courts also may use "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

8.     Defendant denies that it caused Plaintiff's alleged injuries. However, in light of the severity of these alleged injuries set forth in the Complaint, it is "facially apparent" that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9.     In the Complaint, Plaintiff alleges that his "middle distal interlocking screw fractured, the more proximal interlocking screw began backing out, and the Femoral Nail migrated and caused shortening." (Compl. ¶ 58). He alleges that he experienced "severe pain," has been hospitalized, and has "undergone multiple revision surgeries, another replacement and explant of the second femoral nail implanted, and pain management treatment following the second fracture repair and intramedullary rod placement and fixation surgery." (Compl. ¶¶ 2, 59, 62.) Plaintiff alleges that his "physical, mental, and emotional" injuries continue. (Compl. ¶ 68). Plaintiff also alleges that he "suffered substantial damages including, but not limited to, pain and suffering, and economic loss associated with undergoing otherwise unnecessary surgeries." (*See* Compl. ¶ 63.) Plaintiff further alleges that he has experienced "economic loss due to his permanent injuries and loss of ability to work and earn an income." (*See* Compl. ¶ 64).

10. The only "reasonable deduction[], reasonable inference[], or other reasonable extrapolation[]" from these serious injuries is that the amount in controversy exceeds the jurisdictional requirement. *Roe*, 613 F.3d at 1061–62; *see also Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 884 (11th Cir. 2020) (affirming district court's conclusion that negligence case was removable because "applying 'judicial experience and common sense,'… it [was] facially apparent that the jurisdictional amount [was] satisfied" where plaintiffs alleged numerous injuries including bone fractures requiring surgery.); *Ralph v. Target Corp.*, No. 6:09-cv-1328-Orl-19KRS, 2009 U.S. Dist. LEXIS 99398, at *6 n.4 (M.D. Fla. Sep. 30, 2009) (finding amount in controversy met where Plaintiff allegedly suffered a "non-displaced fracture of the lateral femoral condyle (knee), lateral subluxation of the left patella, and suprapatellar effusion.").

11. Attached as **Exhibit "A"** and incorporated by reference are true and correct copies of all pleadings and papers filed in this action in the State Court of Gwinnett County, Georgia. Defendant knows of no other pleadings or papers that have been served or filed with the State Court of Gwinnett County in this matter.

12. Defendant will file a copy of this Notice of Removal with the Clerk of the State Court of Gwinnett County, Georgia, the state court in which this action is currently pending, as required by 28 U.S.C. § 1446(d). A copy of this Notice of

Removal is also being served upon Plaintiff's counsel as further required by 28 U.S.C. § 1446(d).

13. The United States District Court for the Northern District of Georgia, Atlanta Division includes the county in which the state court action is now pending (Gwinnett County) and thus, pursuant to 28 U.S.C. § 90(a)(2), venue is proper.

14. Defendant expressly reserves all defenses to Plaintiff's claims, including, but not limited to, all defenses based in law, equity, statute, constitution, jurisdiction, or immunity, any other defense or avoidance, and does not waive any defense by this removal.

WHEREFORE, in accordance with the statutory authority set forth above, Defendant hereby removes this action from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted, this 30th day of November, 2023.

                                          **ATTORNEYS FOR DEFENDANT**

                                        */s/ Matthew B. Lerner*
                                        Elizabeth C. Helm
                                        Georgia Bar No. 289930
                                        kate.helm@nelsonmullins.com
                                        Matthew B. Lerner
                                        Georgia Bar No. 446986
                                        matthew.lerner@nelsonmullins.com
                                        Alex G. Pisciarino
                                        Georgia Bar No. 569773

alex.pisciarino@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-322-6000 / 404-322-6050

*Attorneys for Defendant Smith & Nephew, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to LR 7.1D, counsel for Defendant certifies that the foregoing document has been prepared in Times New Roman 14-point font, one of the fonts approved in LR 5.1(B)–(C).

This 30th day of November, 2023.

**ATTORNEYS FOR DEFENDANT**

*/s/ Matthew B. Lerner*
Elizabeth C. Helm
Georgia Bar No. 289930
kate.helm@nelsonmullins.com
Matthew B. Lerner
Georgia Bar No. 446986
matthew.lerner@nelsonmullins.com
Alex G. Pisciarino
Georgia Bar No. 569773
alex.pisciarino@nelsonmullins.com
NELSON MULLINS RILEY & SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-322-6000 / 404-322-6050

*Attorneys for Defendant Smith & Nephew, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 30th, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that I have served the foregoing via electronic mail and United States mail to the following:

Robert M. Hammers, Jr., Esq.
HAMMERS LAW FIRM, LLC
5555 Glenridge Connector, Suite 975
Atlanta, GA 30342
rob@hammerslawfirm.com

**ATTORNEYS FOR DEFENDANTS**

*/s/ Matthew B. Lerner*
Elizabeth C. Helm
Georgia Bar No. 289930
kate.helm@nelsonmullins.com
Matthew B. Lerner
Georgia Bar No. 446986
matthew.lerner@nelsonmullins.com
Alex G. Pisciarino
Georgia Bar No. 569773
alex.pisciarino@nelsonmullins.com
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA 30363
404-322-6000 / 404-322-6050

*Attorneys for Defendant Smith & Nephew, Inc.*